**Roman Sam WIENBRINK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00385–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 27, 1992.

William Satterwhite, Jr., Houston, for appellant.

John B. Holmes, Houston, for appellee.

Before DUGGAN, O'CONNOR and DUNN, JJ.

OPINION

DUNN, Justice.

This is an appeal of an adjudication of guilt after appellant violated the terms of his deferred adjudication probation. In his sole point of error, appellant contends the trial court erred at the hearing on the motion for adjudication of guilt by denying his motion to suppress evidence of an offense appellant allegedly committed. We dismiss the appeal for want of jurisdiction.

Appellant, Roman Sam Wienbrink, was indicted on September 28, 1988, for possessing, with intent to deliver, methamphetamine. Appellant entered a guilty plea without plea bargain or agreed recommendation as to his sentence. The trial court deferred adjudication and placed appellant on 10–years probation.

The State filed a motion to adjudicate guilt on November 29, 1989, alleging that appellant, on November 17, 1989, unlawfully, intentionally, and knowingly possessed a controlled substance, methamphetamine. On February 20, 1990, appellant filed a motion to suppress evidence obtained from his arrest on November 17, 1989. On April 26, 1990, the trial court conducted a hearing on the motion to adjudicate guilt; the State presented witnesses, while appellant chose not to present any witnesses. At the end of the hearing, the trial court denied appellant's motion to suppress, granted the State's motion to adjudicate guilt in the original conviction, and assessed his punishment at eight-years confinement.

In his sole point of error, appellant contends the trial court erred by denying appellant's motion to suppress evidence of the methamphetamine seized from appellant on the November 17, 1989, arrest.

Article 42.12, section 5(b) of the Texas Code of Criminal Procedure provides:

On violation of a condition of probation imposed under subsection (a) of this section, the defendant may be arrested and detained as provided in section 24 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal, continue as if the adjudication of guilt had not been deferred.

TEX.CODE CRIM.P.ANN. art. 42.12, § 5(b) (Vernon Supp.1992) (emphasis added).

The Court of Criminal Appeals and the intermediate appellate courts have consistently held that, although an appellant may prosecute an appeal from the original conviction after adjudication, the Code of Criminal Procedure specifically provides that no appeal may be taken from the trial court's decision to adjudicate. *See Russell v. State*, 702 S.W.2d 617, 618 (Tex.Crim. App.1985); *Daniels v. State*, 615 S.W.2d 771, 773 (Tex.Crim.App.1981); *Garza v. State*, 815 S.W.2d 832, 832–33 (Tex.App.— Corpus Christi 1991, no pet.); *Castro v. State*, 807 S.W.2d 417, 419 (Tex.App.— Houston [14th Dist.] 1991, pet. ref'd). A court of appeals need not address points of error concerning the trial court's decision to adjudicate guilt. *Russell*, 702 S.W.2d at 618.

Appellant's point of error concerning a prehearing motion to suppress evidence at the motion to adjudicate guilt hearing presents nothing for review, as set out above.

We note that the Texas Court of Criminal Appeals has held that a defendant may appeal from a trial court's orders on pretrial motions from the *original* conviction, even though the defendant has received deferred adjudication probation. *Dillehey v. State*, 815 S.W.2d 623, 626 n. 7 (Tex. Crim.App.1991). Here, appellant is not appealing from the original conviction, or from a ruling on a pretrial motion from the original conviction. Appellant is appealing the ruling on a prehearing motion to suppress evidence considered at the motion to adjudicate guilt. Appellant thus appeals from proceedings concerning the determination to adjudicate guilt. An appellant may not appeal from the trial court's determination to adjudicate guilt, and we need not address appellant's point of error concerning the trial court's determination. *Russell*, 702 S.W.2d at 618.

Appellant's sole point of error is overruled.

The judgment is affirmed.