Affirmed and Memorandum Opinion filed July 10, 2003















Affirmed and
Memorandum Opinion filed July 10, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00569-CR

_______________

 

QUINCY KERR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________

 

On Appeal from 228th District Court

Harris County, Texas

Trial Court Cause No. 895,376

________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant, Quincy Kerr, was charged
with possession with intent to deliver a controlled substance.  After the trial court denied appellant’s
motion to suppress, appellant entered into a plea agreement and was sentenced
to twenty-five years’ confinement in accordance with the State’s
recommendation.  In four issues,
appellant challenges the denial of his motion to suppress, contending: (1) he
had standing to challenge the search; (2) a police dog’s sniff was an illegal
search; (3) a police officer’s observation of a pyrex dish through appellant’s window was an illegal
search; and (4) his admissions were obtained in violation of his Miranda rights.  We affirm.




 








I.  Background

            An officer from the Houston Police
Department went to an apartment complex to serve appellant with an arrest
warrant for a parole violation.  Upon
arriving at the complex, the officer watched appellant exit a car and enter an
apartment.  The officer approached the
apartment and knocked on the front door. 
While standing there, the officer saw appellant jump from a second-floor
balcony and run.  The officer pursued and
apprehended appellant and, thereafter, read him his Miranda rights.  

            The officer then asked appellant why
he had fled.  The officer stated in his
affidavit that appellant responded that he had “cookies” of crack cocaine in
the apartment and did not want to be caught in possession of them.

            While appellant was detained,
another police officer approached the front door of the apartment and through a
window saw a pyrex dish that
appeared to have white powder on it. 
Police then brought a trained narcotics dog to the complex.  The dog “alerted” on the front door of the
apartment.  Using this information, the
police then obtained a search warrant and found forty-eight grams of cocaine
and ten grams of marijuana inside the apartment.

II.  Right
to Appeal

            As a preliminary issue, the State
argues that we should dismiss the appeal because appellant knowingly and
intelligently waived his right to appeal as part of a plea agreement.  A defendant in a noncapital
case may waive any rights secured him by law, including the right to
appeal.  Tex. Code Crim. Proc.
Ann. art. 1.14(a) (Vernon Supp. 2002).  A valid waiver
of appeal that is made knowingly and intelligently will prevent a defendant
from appealing without the consent of the trial court.  Ex Parte Tabor, 565 S.W.2d 945, 946 (Tex.
Crim. App. 1978); Monreal v. State, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003).  The record reflects that appellant knowingly
and intelligently waived his right to appeal as part of the plea agreement;
however, appellant subsequently sought permission from the trial court to appeal,
and the trial court expressly granted appellant’s motion.  Because appellant obtained consent from the
trial court, he is permitted to appeal despite his waiver.  See Monreal, 99 S.W.3d at 617.

            The State further contends appellant
did not allege that his waiver was involuntary; therefore, the trial court’s
consent to appeal did not nullify the waiver and appellant should be “held to
his bargain.”  However, the trial court
may excuse waiver even without the contention that it was involuntary.  If  the trial court gives consent, a
defendant may appeal an issue despite voluntary waiver.  Id.  Because this appeal is properly before the
court, we will address the merits of appellant’s points of error.  See  Tex. Crim. Proc. Ann. art. 44.02
(Vernon 1979). 

III.  Motion
to Suppress

            In his sole issue, appellant argues
the trial court erred in denying his motion to suppress the contraband seized
during the search of the apartment. 
First, he contends he had standing to challenge the search.  Second, he contends the State’s assertion of
probable cause to support the search warrant was based upon evidence that
police obtained in violation of his constitutional rights.  Specifically, he contends that the police
dog’s sniff was an illegal search, the police officer’s observation of a pyrex dish through the apartment
window was an illegal search, and his admission was obtained in violation of
his Miranda rights.

            Because this case involves mixed
questions of fact and law that do not turn upon an evaluation of the demeanor
and credibility of trial witnesses, we conduct a de novo review.  Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997).  The trial court did not indicate the reasons
for its denial of appellant’s motion to suppress.  Nevertheless, we must sustain the trial
court’s ruling if it is correct on any theory of law applicable to the
case.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990).

A.  Standing

            Appellant contends that he had a
reasonable expectation of privacy in the apartment and thus had standing to
challenge the search.  He argues that the
trial court erred in overruling his motion to suppress if it based its ruling
upon a finding that he did not have standing. 

            A defendant has standing to
challenge a search only if he has a reasonable expectation of privacy in the
place invaded.  Villareal v. State, 935 S.W.2d
134,138 (Tex. Crim. App. 1996).  A defendant has the burden of proving facts
establishing a legitimate expectation of privacy in the place invaded.  Id.  To meet this burden, a defendant normally
must prove (1) that by his conduct, he exhibited an actual subjective
expectation of privacy, and (2) that circumstances existed under which society
was prepared to recognize his subjective expectation as objectively reasonable.  Id.  Relevant factors to the determination of
whether a defendant’s subjective expectation of privacy is one that society is
prepared to recognize as objectively reasonable include the following: (1)
whether defendant had a property or possessory
interest in place invaded; (2) whether he was legitimately in the place
invaded; (3) whether he had complete dominion or control and right to exclude
others; (4) whether, before intrusion, he took normal precautions customarily
taken by those seeking privacy; (5) whether he put the place to some private
use; and (6) whether his claim of privacy is consistent with historical notions
of privacy.  Id.

            The evidence showed that appellant
was not a lessee of the apartment. 
Nonetheless, other evidence supports a finding that he had a subjective
expectation of privacy in the apartment. 
First, appellant demonstrated that he had unrestricted access to the
apartment by freely entering it when no one else was home.  Second, he kept clothes and other personal
belongings in the apartment, which indicates that he stayed overnight at the
apartment on at least some occasions.  Cf.
Villareal, 935 S.W.2d at 139 (holding that
defendant did not have an objectively reasonable expectation of privacy in a
home when there was no evidence to indicate that he intended to stay
overnight).  Third, in his affidavit in
support of the search warrant, the police officer asserted that the apartment
was “in charge of and controlled by” appellant. 
Finally, police officers indicated that they knew appellant lived at the
apartment because they proceeded to the apartment in order to serve the arrest
warrant.  Accordingly, appellant has
standing to challenge the search of the apartment.  

B.  The Evidence Used to Support the Search
Warrant

            Appellant next contends the State’s
assertion of probable cause to support the search warrant was based on evidence
obtained in violation of appellant’s constitutional right to be free from
unreasonable searches and seizures. 
Specifically, appellant argues that the police dog’s sniff outside the
front door of the apartment was an illegal search.

            The Fourth Amendment to the United
States Constitution protects against unreasonable searches and seizures.  This protection includes a home and the curtilage of the home. 
Oliver v. United States, 466 U.S. 170, 180 (1984).  However, a
police officer is not prevented from approaching the front door of a residence
unless he is expressly given orders not to do so by the person in possession of
the property.  Porter v. State, 93 S.W.3d 342, 345 (Tex. App.—Houston [14 Dist.]
2002, pet. ref’d). 
A “search” does not occur, for Fourth Amendment purposes, even when the
explicitly protected area of a house is concerned, unless a reasonable
expectation of privacy exists in the object of the challenged search.  Porter,
93 S.W.3d at 346. 
There is no reasonable expectation of privacy in “privately” possessing
illegal drugs.  See United States v. Jacobson, 466 U.S. 109, 123
(1984).

            In Porter, this court held that a police dog’s sniff outside of a front
door is not a search for purposes of the Fourth Amendment:

 

 class=Section3>

For Fourth Amendment
purposes, a “search” does not occur, even when the explicitly protected area of
a house is concerned, unless a reasonable expectation of privacy exists in the
object of the challenged search.  An
individual has no reasonable expectation of privacy in possessing illegal
drugs.  Therefore, a government
investigative technique, such as a dog sniff or chemical test, that discloses
only the presence or absence of narcotics, and does not expose noncontraband items, activity, or information that would
otherwise remain hidden from public view, does not intrude on a legitimate
expectation of privacy and is thus not a “search” for Fourth Amendment
purposes.

 

 class=Section4>

 

Porter, 93 S.W.3d at 346.  The dog sniff in this case did not reveal any
intimate details about the interior of the apartment other than the presence of
illegal narcotics and, consequently, did not constitute an illegal search under
the Fourth Amendment. 

            A search warrant may not be issued
unless supported by an affidavit showing probable cause.  U.S.
Const. amend. IV.  Whether the facts alleged in a
probable cause affidavit sufficiently support a search warrant is determined by
examining the totality of the circumstances. 
Ramos v. State,
31 S.W.3d 762, 764–65 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
When a trained and certified narcotics dog alerts to contraband,
probable cause exists to obtain a search warrant.  See
Harrison v. State, 7 S.W.3d 309, 311 (Tex. App.—Houston [1st Dist.] 1999,
pet. ref’d) (stating that “when a trained and
certified narcotics dog alerts . . . to . . . contraband, probable cause exists
to search a vehicle”).  Accordingly, we
hold that the police dog’s sniff was not an illegal search.  Moreover, the positive alert from the dog was
sufficient to establish probable cause for issuance of the search warrant.  Because our decision on the dog sniff issue
is dispositive, we will not address appellant’s
remaining points challenging the propriety of other evidence used to support
issuance of the search warrant.

            Accordingly, the judgment of the
trial court is affirmed.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed July 10, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do Not
Publish — Tex. R. App.
P. 47.2(b).