MAIN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-03-238-CR

         2-03-239-CR

TIMOTHY MICHAEL MAIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Timothy Michael Main appeals from the trial court’s decision to proceed to adjudication of his guilt for four counts of sexual misconduct involving children.  
In his sole point, appellant argues that the trial court violated his constitutional right to due process by punishing him for conduct with which he was required by law and under order of the trial court
 to comply.  The State contends that 
appellant’s complaint is not reviewable on direct appeal because it is a challenge to the trial court’s determination to proceed with adjudication.  Additionally, the State notes that any alleged constitutional violation is properly raised by post-conviction writ of habeas corpus.  We dismiss.

FACTS

The trial court convicted appellant of four counts of sexual misconduct involving children in cause numbers 0748845D and 0748846D.  Appellant pled guilty to all counts and the court placed him on deferred adjudication community supervision on May 10, 2000 for ten years.

In 2003, the court adjudicated appellant guilty and proceeded to punishment after hearing evidence that he had violated the terms of his community supervision by going within a certain distance of schools.  Appellant admitted going into the prohibited areas, but argues that he was required to do so in order to comply with the law and order of the trial court requiring him to register as a sex offender and visit his probation officer.  Appellant did not file a motion for new trial.  This appeal challenges the trial court’s determination to proceed to adjudication.

Article 42.12, section 5 of the Texas Code of Criminal Procedure governs this appeal.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2004); 
see
 
Connolly v. State
, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); 
Porter v. State
, 93 S.W.3d 342, 344 (Tex. App.—Houston [14
th
 Dist.] 2002, pet. ref’d) (op. on reh'g).
  
That section provides that “[t]he 
defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge.  No appeal may be taken from this determination.“ 
 Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b)
.
 
Because appellant cannot appeal the trial court's decision to adjudicate guilt, this court may not affirm the trial court’s decision but, rather, should dismiss the appeals.  
Phynes v. State
,
 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).  
Accordingly, appellant’s appeals are dismissed.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 12, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.