COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-03-238-CR
        
2-03-239-CR

  
TIMOTHY MICHAEL MAIN                                                      APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                 STATE
 
------------
 
FROM CRIMINAL DISTRICT COURT 
NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Timothy 
Michael Main appeals from the trial court’s decision to proceed to 
adjudication of his guilt for four counts of sexual misconduct involving 
children. In his sole point, appellant argues that the trial court violated his 
constitutional right to due process by punishing him for conduct with which he 
was required by law and under order of the trial court to comply. The State 
contends that appellant’s complaint is not reviewable on direct appeal because 
it is a challenge to the trial court’s determination to proceed with 
adjudication. Additionally, the State notes that any alleged constitutional 
violation is properly raised by post-conviction writ of habeas corpus. We 
dismiss.
FACTS
        The 
trial court convicted appellant of four counts of sexual misconduct involving 
children in cause numbers 0748845D and 0748846D. Appellant pled guilty to all 
counts and the court placed him on deferred adjudication community supervision 
on May 10, 2000 for ten years.
        In 
2003, the court adjudicated appellant guilty and proceeded to punishment after 
hearing evidence that he had violated the terms of his community supervision by 
going within a certain distance of schools. Appellant admitted going into the 
prohibited areas, but argues that he was required to do so in order to comply 
with the law and order of the trial court requiring him to register as a sex 
offender and visit his probation officer. Appellant did not file a motion for 
new trial. This appeal challenges the trial court’s determination to proceed 
to adjudication.
        Article 
42.12, section 5 of the Texas Code of Criminal Procedure governs this appeal. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 
2004); see Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 
1999); Porter v. State, 93 S.W.3d 342, 344 (Tex. App.—Houston [14th 
Dist.] 2002, pet. ref’d) (op. on reh'g). That section provides that “[t]he 
defendant is entitled to a hearing limited to the determination by the court of 
whether it proceeds with an adjudication of guilt on the original charge. No 
appeal may be taken from this determination.“ Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). Because 
appellant cannot appeal the trial court's decision to adjudicate guilt, this 
court may not affirm the trial court’s decision but, rather, should dismiss 
the appeals. Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). 
Accordingly, appellant’s appeals are dismissed.

 
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE

 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: February 12, 2004


NOTES
1. See Tex. R. App. P. 47.4.