COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-215-CR
 
  
NELSON 
GONGORA                                                               APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        Appellant 
Nelson Gongora entered a negotiated plea of guilty to engaging in organized 
criminal activity, to wit: aggravated robbery with a deadly weapon.  In 
accordance with the plea agreement, the trial court deferred adjudication of 
Gongora’s guilt and placed him on ten years’ probation. Approximately three 
years later, the State filed a motion to proceed to an adjudication of 
guilt.  The State’s motion alleged several grounds for proceeding to an 
adjudication, including the ground that Gongora had committed a new 
offense—the capital murder of Delfino Sierra.  Approximately two months 
after a jury convicted Gongora of Sierra’s capital murder, the trial court 
proceeded to an adjudication in the present case and sentenced Gongora to life 
imprisonment.  We will dismiss.
        On 
appeal, Gongora raises five points challenging errors that occurred prior to the 
trial court’s decision to adjudicate him guilty of the offense of engaging in 
organized criminal activity.  Article 42.12, section 5 of the Texas Code of 
Criminal Procedure provides that no appeal may be taken from a determination by 
a trial court of whether to proceed with an adjudication of guilt on the 
original charge due to a violation of a condition of community 
supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 5(b) (Vernon Supp. 2004).  Therefore, as in the instant case, a 
defendant on deferred adjudication who is adjudicated guilty of the original 
charge may not raise on appeal contentions of error in the adjudication of guilt 
process.  Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 
1999); Porter v. State, 93 S.W.3d 342, 344 (Tex. App.—Houston [14th 
Dist.] 2002, pet. ref’d) (op. on reh’g).  Accordingly, because all of 
Gongora’s points challenge errors related to the trial court’s decision to 
proceed to adjudication of guilt on the original charge of engaging in organized 
criminal activity, we must dismiss the appeal.  See Phynes v. State, 
828 S.W.2d 1, 2 (Tex. Crim. App. 1992).
 
  
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 22, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.