Nelson Gongora v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-215-CR

NELSON GONGORA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Nelson Gongora entered a negotiated plea of guilty to engaging in organized criminal activity, to wit: aggravated robbery with a deadly weapon. In accordance with the plea agreement, the trial court deferred adjudication of Gongora’s guilt and placed him on ten years’ probation.  Approximately three years later, the State filed a motion to proceed to an adjudication of guilt.  The State’s motion alleged several grounds for proceeding to an adjudication, including the ground that Gongora had committed a new offense—the capital murder of Delfino Sierra.  Approximately two months after a jury convicted Gongora of Sierra’s capital murder, the trial court proceeded to an adjudication in the present case and sentenced Gongora to life imprisonment.  We will dismiss.

On appeal, Gongora raises five points challenging errors that occurred prior to the trial court’s decision to adjudicate him guilty of the offense of engaging in organized criminal activity.  Article 42.12, section 5 of the Texas Code of Criminal Procedure provides that no appeal may be taken from a determination by a trial court of whether to proceed with an adjudication of guilt on the original charge due to a violation of a condition of community supervision.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2004).  Therefore, as in the instant case, a defendant on deferred adjudication who is adjudicated guilty of the original charge may not raise on appeal contentions of error in the adjudication of guilt process.  
Connolly v. State
, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); 
Porter v. State
, 93 S.W.3d 342, 344 (Tex. App.—Houston [14
th
 Dist.] 2002, pet. ref’d) (op. on reh’g). Accordingly, because all of Gongora’s points challenge errors related to the trial court’s decision to proceed to adjudication of guilt on the original charge of engaging in organized criminal activity, we must dismiss the appeal.  
See Phynes v. State
, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: April 22, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.