Affirmed and Memorandum Opinion filed August 4, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00378-CR

NO. 14-10-00379-CR



 

Michael Dennis Vestal, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause Nos. 1243313;1243314



 

MEMORANDUM  OPINION

 

Appellant, Michael Dennis Vestal, appeals his
conviction for possession with intent to deliver gamma hydroxybutyrate weighing
four to 200 grams in cause number 1243313 and his conviction for possession of
methamphetamine weighing one to four grams in cause number 1243314.  Appellant
contends the trial court erred by denying his motion to suppress evidence
obtained pursuant to a search warrant because the evidence seized from his house
was “the product of an illegal search and seizure.”  We affirm.

Background

            Harris County
Deputy James Savell presented an affidavit in support of a search and arrest
warrant on December 2, 2009 to a Harris County magistrate.  In his affidavit,
Deputy Savell stated that he had probable cause to believe that Charles Relan
and Michael D. Vestal possessed and concealed methamphetamine in “a two story
single family, wood framed condominium” located at 10456 Hammerly Blvd. in
Houston, Texas.  Deputy Savell stated in his affidavit that his probable cause
belief was supported by the following facts.

            Sergeant Robert
Clark informed Deputy Savell that a reliable confidential informant, who had
been a methamphetamine abuser in the past, had told Sergeant Clark in early
November 2009 that Relan was involved in the sale of large quantities of methamphetamine
and resided at 10456 Hammerly Blvd. in Houston, Texas.  The confidential
informant described Relan and reported that Relan maintained “a safe concealed
under his bed in which he conceals narcotics and currency.”  The confidential
informant reported that Relan operated a blue Chevrolet pickup truck and a
Mazda Miata convertible sports car.  The confidential informant also stated
that Relan has a roommate named “Mike LNU”[1]
who provides “financial backing for the distribution of methamphetamine.” 

Based on the Harris County Appraisal District’s data
base, Sergeant Clark determined that appellant owned the property on 10456
Hammerly Blvd.  Sergeant Clark was familiar with the residence because he had
conducted surveillance at the location in mid-2008 after the Harris County
Sheriff’s Office received an anonymous e-mail complaint.  The complainant
alleged in the e-mail that “Relan was involved in the distribution of
methamphetamine, that Relan regularly traveled to Arizona to obtain
methamphetamine and that the narcotics were concealed in a safe in his
bedroom.”

Sergeant Clark conducted surveillance on November 11,
2009 at 10456 Hammerly Blvd.  He observed a white male — matching Relan’s
description — walk from the condominium to the blue Chevrolet pickup truck. 
Sergeant Clark also observed a blue Mazda Miata parked beside the pickup
truck.  Sergeant Clark learned that the Mazda Miata was registered to Steven D.
Gerardi, who is the brother of Charles Robert Gerardi.  Deputy Savell and
Sergeant Clark both were familiar with Charles Robert Gerardi because they
previously had arrested him for distribution of methamphetamine.  

Deputy Savell requested a narcotics detection canine
on December 1, 2009, and Deputy R. Hoyt and his canine partner, Ducke,
responded to 10456 Hammerly Blvd.  Deputy Hoyt placed Ducke on the north side
front door of 10456 Hammerly Blvd. for an open air sniff.  “The door was
accessed via the common sidewalk serving multiple buildings located within the
complex.”  Deputy Hoyt received a positive alert from Ducke indicating the
presence of controlled substances inside 10456 Hammerly Blvd.  Ducke is
certified for the detection of methamphetamine, cocaine, marijuana, and heroin.

Deputy Savell stated that based on his investigation,
“information provided by a credible and reliable confidential informant,
corroborated by surveillance conducted by certified Texas Peace Officers and a
positive alert for the presence of controlled substances at the suspected place
by a certified narcotics detection canine,” he had probable cause to believe
that a quantity of methamphetamine was “located inside the private residence
located at 10456 Hammerly Blvd.”  Deputy Savell asked for the issuance of a
search and arrest warrant.

A magistrate found that there was probable cause to
issue a search and arrest warrant based on Deputy Savell’s affidavit; the
magistrate issued a search warrant for 10456 Hammerly Blvd. and an arrest
warrant for appellant and Relan on December 2, 2009.  The warrant was executed
on December 3, 2009, and methamphetamine and gamma hydroxybutyrate, among other
things, were seized from the residence.  Appellant was indicted for possession
with intent to deliver gamma hydroxybutyrate weighing four to 200 grams in
cause number 1243313 and for possession of methamphetamine weighing one to four
grams in cause number 1243314 on January, 21, 2010.  

Appellant filed a motion to suppress on April 19,
2010; he filed an identical motion to suppress on April 28, 2010.  The trial
court held a hearing on appellant’s motions to suppress on April 28, 2010.  At
the hearing, the trial court was asked to “review the warrant to determine if
there was probable cause, based on the warrant, to allow for the warrant to
issue and the search to occur.”  The parties agreed not to present any
testimony but to rely “on the warrant itself and the supporting affidavit.”  After
hearing the parties’ arguments, “reading all of the cases and reviewing the
search warrant,” the trial court decided “to remove from consideration” all the
facts in Deputy Savell’s supporting affidavit except for Ducke’s positive alert
to the presence of a controlled substance.  The court denied appellant’s motions
to suppress, stating that based on Texas caselaw “a dog sniff alone is enough
to allow a search warrant to issue, that a dog sniff is not a search and that
it is enough to allow a search warrant to issue.”

Appellant pled guilty to possession with intent to
deliver gamma hydroxybutyrate weighing four to 200 grams, was fined $1,000, and
was placed on deferred adjudication for five years in cause number 1243313. 
Appellant also pled guilty to possession of methamphetamine weighing one to
four grams and was placed on deferred adjudication for five years in cause
number 1243314.  Appellant filed a timely appeal.

Analysis

In his sole issue on appeal, appellant contends that
the trial court erred by denying his motion to suppress evidence seized from
his house because (1) “[t]he use of the narcotic detection canine at the front
door of the house was an unreasonable and unconstitutional search;” and (2)
“[t]he issuance of the search warrant based upon the dog alerting at the front
door was based upon information gained illegally.”  According to appellant, “the
evidence seized from the house was the product of the illegal search and
seizure, and obtained in violation of the [appellant]’s rights under the Fourth
Amendment to the United States Constitution.”

We apply a bifurcated standard of review to a trial
court’s ruling on a motion to suppress evidence.  Martinez v. State,
Nos. PD-1238-10, PD-1239-10, 2011 WL 2555712, at *2 (Tex. Crim. App. June 29,
2011); State v. Dugas, 296 S.W.3d 112, 115 (Tex. App.—Houston [14th
Dist.] 2009, pet. ref’d) (citing Maxwell v. State, 73 S.W.3d 278, 281
(Tex. Crim. App. 2002); Carmouche v. State, 10 S.W.3d 323, 327 (Tex.
Crim. App. 2000)).  We give almost total deference to the trial court’s
determination of historical facts that depend on credibility and review de
novo the trial court’s application of the law to those facts.  Martinez,
2011 WL 2555712, at *2; Dugas, 296 S.W.3d at 115. We also review de novo
the trial court’s application of the law of search and seizure.  Martinez,
2011 WL 2555712, at *2; Dugas, 296 S.W.3d at 115 (citing State v.
Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000)).

“The Fourth Amendment to the United States
Constitution requires that ‘no warrants shall issue, but upon probable cause,
supported by oath or affirmation, and particularly describing the place to be
searched, and the persons or things to be seized.’”  State v. Jordan,
No. PD-1156-10, 2011 WL 2555708, at *2, (Tex. Crim. App. June 29, 2011).  “Under
Article 18.01 of the Code of Criminal Procedure, a search warrant may be
obtained from a magistrate only after submission of an affidavit setting forth
substantial facts establishing probable cause.”  Id.  Probable cause
exists if, under the totality of the circumstances set forth in the affidavit
before the magistrate, there is a “fair probability” that contraband or
evidence of a crime will be found in a particular place at the time the warrant
is issued.  Id.  The magistrate may interpret the affidavit in a
non-technical, common-sense manner and may draw reasonable inferences from the
facts and circumstances contained within its four corners.  Id.  Reviewing
courts should give great deference to a magistrate’s determination of probable
cause.  Id.

Appellant’s argument on appeal centers around whether
the drug-detection dog sniff constituted a search.  Appellant contends that the
drug-detection dog’s sniff outside his front door, which alerted the police
officers to the presence of a controlled substance inside his house, was an
illegal search; therefore, he contends that the State obtained a search warrant
based on an illegal search.  

A “search” does not occur for Fourth Amendment
purposes even when the explicitly protected area of a house is concerned unless
a reasonable expectation of privacy exists in the object of the challenged
search.  Rodriguez v. State, 106 S.W.3d 224, 228-29 (Tex. App.—Houston
[1st Dist.] 2003, pet ref’d); Porter v. State, 93 S.W.3d 342, 346 (Tex.
App.—Houston [14th Dist.] 2002, pet. ref’d) (citing Kyllo v. United States,
533 U.S. 27 (2001)).  A person has no reasonable expectation of privacy in
possessing illegal drugs.  Rodriguez, 106 S.W.3d at 229; Porter,
93 S.W.3d at 346 (citing United State v. Jacobsen, 466 U.S. 109, 123
(1984)).    

An investigative method that can only detect the
existence of illegal items in a home and does not reveal legal information
about the interior of a home is not a search for Fourth Amendment purposes. Rodriguez,
106 S.W.3d at 229; Porter, 93 S.W.3d at 346 (citing City of
Indianapolis v. Edmond, 531 U.S. 32 (2000); Jacobsen, 466 U.S. at
122-24; United States v. Place, 462 U.S. 696, 706-07 (1983)).  Therefore,
a government investigative technique, such as a drug-detection dog sniff, that
discloses only the presence or absence of narcotics, and does not expose non-contraband
items, activity, or information that would otherwise remain hidden from public
view, does not intrude on a legitimate expectation of privacy and is thus not a
search for Fourth Amendment purposes.[2] 
Romo v. State, 315 S.W.3d 565, 573 (Tex. App.—Fort Worth 2010, pet.
ref’d); Rodriguez, 106 S.W.3d at 229; Porter, 93 S.W.3d at 346; Josey
v. State, 981 S.W.2d 831, 845 (Tex. App.—Houston [14th Dist.] 1998, pet.
ref’d); Porter v. State, Nos. 14-01-00687-CR, 14-01-00688-CR, 2002 WL
1488983, at *3 (Tex. App.—Houston [14th Dist.] July 11, 2002, pet. ref’d) (not
designated for publication).  

Because the dog sniff in this case did not intrude on
a legitimate expectation of privacy, it was not a search for Fourth Amendment
purposes.  See Romo, 315 S.W.3d at 573; Rodriguez, 106
S.W.3d at 229; Porter, 93 S.W.3d at 346.  Thus, the State did not obtain
a search warrant based on an illegal search.  Further, a trained and certified
dog’s alert is sufficient to provide probable cause to search a site. Romo,
315 S.W.3d at 573-74; Rodriguez, 106 S.W.3d at 229; Josey, 981
S.W.2d at 846; Stauffer v. State, No. 14-03-00193-CR, 2004 WL 253520, at
*3 (Tex. App.—Houston [14th Dist.] Feb. 12, 2003, pet. ref’d) (not designated
for publication); Porter, 2002 WL 1488983, at *3.  

Accordingly, the trial court did not err in denying
appellant’s motion to suppress.  We overrule appellant’s sole issue.

Conclusion

We affirm the trial court’s judgment.

 

 








                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Brown,
Boyce, and Jamison.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
“LNU” stands for Last Name Unknown.





[2]
By contrast, the use of a thermal imaging device to record the heat being
emitted from within a home is a search for Fourth Amendment purposes because it
can reveal information other than the presence of contraband about the home’s
interior.  Rodriguez, 106 S.W.3d at 229.