**Affirm; Opinion Filed April 17, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00699-CR**

**No. 05-12-00700-CR**

**THE STATE OF TEXAS, Appellant**
**V.**
**SCOTT WILLIAMSON, Appellee**

**On Appeal from the County Criminal Court No. 5**
**Dallas County, Texas**
**Trial Court Cause Nos. MA11-22852 & MA11-22801**

## OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Evans

In a pretrial suppression hearing, Scott Williamson challenged the admission of evidence recovered pursuant to a search warrant issued in his two cases for possession of marijuana.[1] A magistrate issued the search warrant based, in pertinent part, on an "alert" by a drug dog at the front door of appellee's home. The trial court granted appellee's motions to suppress the fruits of the search. The State appealed, arguing primarily that the dog's alerting at the front door was sufficient to justify the magistrate's issuing the search warrant in the cases. Based on the recent United States Supreme Court opinion of *Florida v. Jardines*, No. 11-564, 2013 WL 1196577 (U.S. 2013), we affirm the trial court's judgment.

---

[1] The records show appellant was charged in two separate cases, but the parties agree there was only one substantive charge. Each of the cases pertained to the same quantity of marijuana found in appellee's possession at the time of the search.

1

## BACKGROUND

The trial court in appellee's cases decided the motions to suppress based strictly on the search warrant affidavit and the argument of the parties. The affidavit, given by Farmers Branch police officer Phillip Foxall, stated that another peace officer, an Investigator McCain, had received information from a third officer, Investigator Tommy Hale, that appellee was growing marijuana at a particular address. Hale also told McCain that he was aware appellee had an active warrant for his arrest for driving while intoxicated. McCain verified that appellee paid the water utilities at the alleged address and confirmed that appellee had an active warrant for DWI, in addition to a prior conviction for possession of dangerous drugs.

Foxall then contacted Farmers Branch K-9 Officer Morgan and asked Morgan to "deploy his K-9 partner 'Kilo' to conduct an open air sniff of the front exterior of the suspected place." Foxall listed the training and certification for Morgan and Kilo, then he stated that when Kilo and Morgan approached the front door of appellee's residence, Kilo alerted by sitting next to the front doorway. After being walked away from the front door, Kilo again alerted when he was walked near the front doorway. Based on the above information, a magistrate issued a search warrant, the fruits of which resulted in the two instant cases against appellee.

After considering counsel's arguments at the suppression hearing, the trial court granted the motions to suppress. The trial judge did not discuss the issue of the dog sniffing at appellee's front door, but instead focused on where Hale had received his information about appellee's criminal activity and links to his home and how fresh or accurate the information may have been. The judge also noted that the officer could not enter appellee's house and arrest him based on a misdemeanor DWI warrant.

2

## ANALYSIS

In three issues on appeal, the State contends the trial court erred in granting appellee's motions to suppress the fruits of the search warrant. It specifically argues that the facts alleged in the affidavit establish probable cause and the act of walking Kilo up onto appellee's front porch did not constitute an illegal warrantless search. The State further maintains that because so little legal authority exists on this issue, concluding a search warrant invalid based on a warrantless dog sniff outside a residence was "inconsistent with the very rationale that justified the existence and application of the exclusionary rule." In its brief, however, the State also admitted that without the evidence of the positive alerts by Kilo at appellee's door, "the warrant affidavit would not have provided sufficient probable cause for the magistrate to have issued a warrant based thereon."

After the parties filed their briefs and presented oral argument in these cases, the United States Supreme Court issued its opinion in *Florida v. Jardines*, No. 11-564, 2013 WL 1196577 (U.S. 2013), a case which the State conceded would be dispositive of the instant appeals. In *Jardines*, the Court held that the government's use of trained police dogs to investigate the home and its immediate surroundings is a search in the context of the Fourth Amendment. *Jardines*, 2013 WL 1196577 at *7. The Court ruled that introducing a trained police dog to explore the front porch of a home in hopes of discovering incriminating evidence amounts to an unlicensed physical intrusion into a constitutionally protected area. *See id*. at **4–5. Here, the police did exactly that, and they did so without a warrant.

Following the issuance of *Jardines*, the State filed a motion providing notice of issuance of subsequent dispositive legal authority. The State conceded that the issuance of *Jardines* seems to be dispositive of the instant cases "in a manner that is in no way supportive of the State's position herein." We agree. Although the State initially relied on cases from other Texas

courts of appeals to support its position that the warrantless drug sniff did not constitute a search for Fourth Amendment purposes, those courts did not have the benefit of the Supreme Court's ruling in *Jardines. See, e.g., Romo v.* State, 315 S.W.3d 565, 573 (Tex. App.—Fort Worth 2010, pet. ref'd); *Rodriguez v.* State, 106 S.W.3d 224, 230 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd); *Porter v. State*, 93 S.W.3d 342, 346–47 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

The trial court did not err in granting the motions to suppress. *See Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005) (holding we must uphold trial court's ruling if it is correct under any theory of law applicable to case). We resolve the State's three issues against it and affirm the trial court's orders granting appellee's motions to suppress.

/David W. Evans/
DAVID W. EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120699F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-12-00699-CR     V.

SCOTT WILLIAMSON, Appellee

On Appeal from the County Criminal Court
No. 5, Dallas County, Texas
Trial Court Cause No. MA11-22852.
Opinion delivered by Justice Evans.
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the order of the trial court granting appellee's motion to suppress is **AFFIRMED**.

Judgment entered this 17th day of April, 2013.

/David W. Evans/

DAVID W. EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-12-00700-CR     V.

SCOTT WILLIAMSON, Appellee

On Appeal from the County Criminal Court
No. 5, Dallas County, Texas
Trial Court Cause No. ma11-22801.
Opinion delivered by Justice Evans.
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the order of the trial court granting appellee's motion to suppress is **AFFIRMED**.

Judgment entered this 17th day of April, 2013.

/David W. Evans/
DAVID W. EVANS
JUSTICE