**Daniel S. GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-90-213-CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1991.

----

Frank Garza, Corpus Christi, for appellant.

Grant Jones, Jim Rosenkild, Corpus Christi, for appellee.

Before SEERDEN, KENNEDY and DORSEY, JJ.

OPINION

SEERDEN, Justice.

On October 9, 1989, appellant pleaded guilty to burglarizing a habitation. The trial court deferred adjudication and placed appellant on probation for five years. In February 1990, the State filed a motion to revoke probation and to adjudicate guilt. After hearing evidence, the trial court proceeded to adjudication and assessed appellant's punishment at ninety-nine years in prison. Appellant gave written notice of appeal from the order revoking his probation. We dismiss the appeal for want of jurisdiction.

Appellant raises four points of error on appeal. Each point pertains to matters concerning the court's decision to adjudicate guilt. Although a defendant may prosecute an appeal from his conviction after adjudication, the Code of Criminal Procedure specifically provides that no appeal may be taken from the court's decision

to adjudicate. Tex.Code Crim.Proc.Ann. art. 42.12 § 5(b) (Vernon Supp.1991), formerly art. 42.12 § 3d(b); *see Daniels v. State,* 615 S.W.2d 771 (Tex.Crim.App.1981); *DeLeon v. State,* 797 S.W.2d 186, 187 (Tex. App.—Corpus Christi 1990, no pet.); *Pierce v. State,* 636 S.W.2d 734, 735 (Tex. App.—Corpus Christi 1982, no pet.). A court of appeals need not address points of error concerning the trial court's decision to adjudicate. *Russell v. State,* 702 S.W.2d 617, 618 (Tex.Crim.App.1985); *DeLeon,* 797 S.W.2d at 187–188.

Appellant contends that *Kite v. State,* 788 S.W.2d 403 (Tex.App.—Houston [1st Dist.] 1990, no pet.), provides authority for a defendant to prosecute an appeal of the adjudication decision.[1] We disagree. *Kite* held that, by virtue of Tex.Code Crim.Proc. Ann. art. 44.01(j) (Vernon Supp.1991), a defendant could appeal in certain situations from the trial court's order *deferring* adjudication. The issue in *Kite* did not concern the trial court's decision to revoke probation and adjudicate guilt.

As noted above, an appeal from that decision is barred by Tex.Code Crim.Proc. Ann. art. 42.12 § 5(b) (Vernon Supp.1991), formerly art. 42.12 § 3d(b). That provision provides:

> On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 24 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred. (Emphasis ours).

Accordingly, appellant may not appeal from the trial court's decision to revoke probation and adjudicate guilt. The appeal is dismissed for want of jurisdiction.

---

1. Appellant notes that *Kite* conflicts with *Dillehey v. State,* 788 S.W.2d 154 (Tex.App.—Dallas 1990), *reversed,* 815 S.W.2d 623 (Tex.Crim.App. 1991).