**J.W. REAGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00830–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 28, 1992.

Robert S. Koelsch, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Linda A. West, Larry McDougal, Asst. Dist. Attys., for appellee.

Before DUGGAN, O'CONNOR and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal of an adjudication of guilt after appellant violated the terms of his deferred adjudication probation. In his first point of error, appellant contends the trial court erred at the hearing on the motion for adjudication of guilt by denying his motion to suppress evidence of an offense appellant allegedly committed.

Appellant, J.W. Reagan, pled nolo contendere to the offense of aggravated assault, and the trial court deferred adjudication of appellant's guilt on March 17, 1989, and placed him on 10–years probation.

The State filed a motion to adjudicate guilt on April 18, 1991, alleging that appellant, on March 22, 1991, committed the offense of possessing less than 28 grams of cocaine. Appellant filed a motion to suppress evidence obtained from his arrest on March 22, 1991. On September 12, 1991, the trial court conducted a hearing on the motion to adjudicate guilt. At the end of the hearing, the trial court denied appellant's motion to suppress, granted the State's motion to adjudicate guilt in the original conviction, and assessed his punishment at 10–years confinement.

In his first point of error, appellant contends the trial court erred by denying his motion to suppress evidence of the cocaine seized from him on the March 22, 1991, arrest.

Article 42.12, section 5(b) of the Texas Code of Criminal Procedure provides:

On violation of a condition of probation imposed under subsection (a) of this section, the defendant may be arrested and detained as provided in section 24 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal, continue as if the

adjudication of guilt had not been deferred.

TEX.CODE CRIM.P.ANN. art. 42.12, § 5(b) (Vernon Supp.1992) (emphasis added).

■ The Court of Criminal Appeals and the intermediate appellate courts have consistently held that, although an appellant may prosecute an appeal from the original conviction after adjudication, the Code of Criminal Procedure specifically provides that no appeal may be taken from the trial court's decision to adjudicate. *See Russell v. State,* 702 S.W.2d 617, 618 (Tex.Crim. App.1985); *Daniels v. State,* 615 S.W.2d 771, 773 (Tex.Crim.App.1981); *Garza v. State,* 815 S.W.2d 832, 832–33 (Tex.App.— Corpus Christi 1991, no pet.); *Castro v. State,* 807 S.W.2d 417, 419 (Tex.App.— Houston [14th Dist.] 1991, pet. ref'd). A court of appeals need not address points of error concerning the trial court's decision to adjudicate guilt. *Russell,* 702 S.W.2d at 618.

■ We note that the Texas Court of Criminal Appeals has held that a defendant may appeal from a trial court's orders on pretrial motions from the *original* conviction, even though the defendant has received deferred adjudication probation. *Dillehey v. State,* 815 S.W.2d 623, 626 n. 7 (Tex.Crim.App.1991). Here, appellant is not appealing from the original conviction, or from a ruling on a pretrial motion from the original conviction. Appellant is appealing the ruling on a prehearing motion to suppress evidence considered at the motion to adjudicate guilt. Appellant thus appeals only from proceedings concerning the determination to adjudicate guilt. An appellant may not appeal from the trial court's determination to adjudicate guilt, and we need not address appellant's point of error concerning the trial court's determination. *Russell,* 702 S.W.2d at 618.

Appellant's first point of error is overruled.

■ In a reply point in his reply brief, appellant contends that the trial court committed reversible error in assessing punishment immediately after adjudicating appellant guilty without giving him an opportunity to be heard on the issue of punishment and sentence.

Appellant relies upon the case of *Issa v. State,* 826 S.W.2d 159 (Tex.Crim.App.1992), to support his contention that the trial court should have conducted a punishment hearing after the adjudication of guilt, thereby allowing appellant an opportunity to present evidence. We agree that the trial court should have conducted a punishment hearing after adjudicating appellant's guilt and before assessing punishment. *Issa,* 826 S.W.2d at 161. However, we hold that appellant has failed to preserve this error.

The following occurred in the *Issa* case:

"[The Court]: The Court hereby revokes your probation and enters a finding, adjudication of this case finds you guilty of Theft of over $750, and less than twenty thousand dollars, as alleged in the original indictment, and hereby sentences you to serve a term in the Texas Department of Corrections for ten years.

[Appellant's Attorney]: I thought the probated sentence was for five years.

[The prosecutor]: Judge, on deferred adjudication, the Court can give the maximum amount.

[The Court]: Court's recessed."

*Issa,* 826 S.W.2d at 160. The Texas Court of Criminal Appeals held that the trial court erred in assessing punishment immediately after adjudicating the appellant's guilt, and in failing to conduct a punishment hearing before assessing the appellant's punishment. *Issa,* 826 S.W.2d at 161. The court also held that although the appellant did not object to the trial court's action in assessing punishment immediately after adjudicating guilt (such an objection would ordinarily be required to preserve error pursuant to TEX.R.APP.P. 52(a)), the appellant had no opportunity to object to the trial court's action until after that action was taken, and due to the appellant's lack of opportunity to object, the appellant's raising of his objection in his timely filed motion for new trial preserved the error for appellate review. *Id.*

The case before us is distinguishable from *Issa*. Here, the following occurred during the adjudication of guilt hearing:

[The Court]: Based upon the plea of not true entered by your attorney and the evidence introduced, the Court finds the allegations in the motion to adjudicate to be true. This Court will move to find you guilty of the offense of aggravated assault as alleged in the indictment and will find you guilty of that offense and assess your punishment at ten years confinement in the Texas Department of Corrections....

*Do you have anything to say as to why the sentence should not be assessed at this time?*

It is therefore the order of the Court then that you, J.W. Reagan, who has heretofore been adjudged guilty of the offense of aggravated assault, be delivered to the director of the Department of Corrections where you shall be confined in said Department for a term of years of not less than two or more than ten in accordance with the laws of the State of Texas. You will be given credit for any and all time that you have been in custody while the case has been pending.

[Appellant's Attorney]: Your Honor, at this time we would file a notice of appeal and a Motion to Await Disposition of Appeal in the Harris County Jail.

(Emphasis added). Appellant made no motion for new trial.

We find this case distinguishable from *Issa* in two respects. First, the trial court in this case gave appellant an opportunity to object to the trial court assessing punishment immediately after the trial court adjudicated guilt and failed to conduct a punishment hearing before assessing punishment. Second, appellant failed to present *any* complaint to the trial court regarding its action in assessing punishment immediately after adjudicating guilt. Appellant filed no timely motion for new trial raising this issue, as did the appellant in *Issa*. Therefore, appellant has failed to preserve error regarding the trial court's action in assessing punishment immediately

after adjudicating guilt. Tᴇx.R.Aᴘᴘ.P. 52(a).

Appellant asserts that the error he complains of was fundamental error because the error deprived him of a constitutional right, so that he was not required to present his complaint to the trial court in order to preserve error for appellate review. Appellant contends that he may raise his complaint for the first time on appeal. We disagree.

Appellant cites no authority allowing him to raise this issue on appeal for the first time. Appellant points to no authority holding that this error is fundamental error. Therefore, appellant did not preserve this error for appellate review. Tᴇx. R.Aᴘᴘ.P. 52(a).

Appellant's reply point of error is overruled.

The judgment is affirmed.