Brian STANCLIFF, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–92–00089–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 25, 1993.

Rehearing Denied April 29, 1993.

Jimmy Phillips, Jr., Houston, for appellant.

Mary Peter Cudd, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Appellant was charged with aggravated sexual assault of a child. On August 8, 1991, he pled nolo contendere. The Court took the case under advisement and ordered that a pre-sentence report be prepared by a probation officer by October 25, 1991. On November 6, 1991, Appellant filed a motion to withdraw his plea. After a hearing, the Court denied the motion. Appellant was sentenced to seventeen years confinement in the Texas Department of Criminal Justice—Institutional Division. We affirm.

■ In his first three points of error, Appellant contends that the trial court erred in failing to set aside his plea.

■ A defendant may withdraw his plea as a matter of right until the case has been taken under advisement or judgment has been pronounced. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex.Crim.App.1979). Once the case is taken under advisement, the withdrawal of the plea lies within the sound discretion of the trial court. *Id.*

In this case, Appellant's decision to withdraw his plea came almost three months after the trial court had taken the matter under advisement. In *Jackson*, the defendant attempted to withdraw his plea *six weeks* after the case had been taken under advisement. The Court of Criminal Appeals held that the trial court did not abuse its discretion in refusing the withdrawal. We overrule Appellant's first three points of error.

■ In his fourth and fifth points of error, Appellant contends that the trial court erred in failing to order a proper and factually correct pre-sentence investigatory report. At the request of Appellant's trial counsel, the Court *orally* ordered that a pre-sentence investigatory report be pre-

pared. That report was made. Appellant claims that if a pre-sentence investigatory report is entered, it must first be ordered by the Court in accordance with Texas Code of Criminal Procedure Article 42.12 § 9. If the order is not in compliance with Article 42.12, then the report cannot be considered by the Court.

■ When a judge assesses punishment, he *may* order an investigative report as contemplated in § 4 of Article 42.12. TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(d) (Vernon Supp.1993). A court's decision to order such a report is discretionary. *Turcio v. State*, 791 S.W.2d 188, 191 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd). The court will not err for failing to order a pre-sentence investigative report. *Id.* However, the Code of Criminal Procedure does not require that the order be written. It merely contemplates that the report ordered will be the same type of report provided for in § 9 of Article 42.12.[1] Section 9 authorizes the Court to "direct a probation officer to report ... in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to ... compensate a victim ..., the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the court."

Appellant claims that because the Court did not instruct the probation officer to include specific items in the report, the report cannot be considered. We disagree. The probation officer reported in writing everything required by the Code. Therefore, any error in the Court's failure to direct the officer to make any "specific" findings, is harmless.

■ Appellant also maintains that the probation officer included unnecessary, unrequested and unreliable evidence in the report. He complains that evidence in the report is hearsay, and factually inaccurate. The fact that an investigative report contains hearsay does not preclude its use by the sentencing judge. *Nicolopulos v.*

---

1. Article 37.07 indicates that the report is to comply with § 4 of Article 42.12. However, Article 42.12 § 4 was recodified into § 9 of that same Article. Therefore, the pre-sentence report is to comply with § 9, not § 4, of Article 42.12.

*State,* 838 S.W.2d 327 (Tex.App.—Texarkana 1992, no pet.); *Holman v. State,* 697 S.W.2d 824, 826 (Tex.App.—Houston [1st Dist.] 1985, no pet.). Further, the *allegation* that information in the report is factually inaccurate does not render the report inadmissible. *United States v. Garcia,* 693 F.2d 412, 415 (5th Cir.1982). The Appellant bears the burden of proving that the information was materially inaccurate *and* that the judge relied on inaccurate information. *Id.* Appellant has failed to show this Court that the evidence was factually inaccurate, or that the judge relied on inaccurate information. We overrule Appellant's fourth and fifth points of error.

The judgment is affirmed.