Hammond v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-257-CR

     GEORGE HAMMOND, JR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 93-86-C
                                                                                                    

O P I N I O N
                                                                                                    

      A jury found George Hammond guilty of aggravated assault of a peace officer. After pleading
true to an enhancement paragraph, the court ordered that a presentence investigation be conducted. 
In a subsequent hearing, the court sentenced Hammond to twenty years. We affirm.
      In a single point Hammond argues that the court erred in ordering a presentence investigation
prior to assessing punishment. Any complaint about the presentence investigation has not been
preserved by an objection in the trial court. See Tex. R. App. P. 52(a). However, even if
Hammond had not waived the complaint, a court's decision to order a presentence investigation
report is discretionary. See Stancliff v. State, 852 S.W.2d 639, 640 (Tex. App.—Houston [14th
Dist.] 1993, pet. ref'd). Thus, the court did not err in ordering the report. We overrule the point
and affirm the judgment.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed May 11, 1994
Do not publish
                     



on at 9-10.
      “As regards specificity, all a party has to do to avoid the forfeiture of a complaint on
appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to
do so clearly enough for the judge to understand him at a time when the trial court is in a
proper position to do something about it.” Lankston v. State, 827 S.W.2d 907, 909 (Tex.
Crim. App. 1992).
      A fair evaluation of the requirement for preservation of an objection to expert testimony in
a criminal case should acknowledge that a criminal trial is different from a civil trial,
particularly in the defendant’s limited right to discovery. Prior to the expert’s taking the stand,
the nature of the proposed expert’s testimony is not known in detail. No discovery has been
allowed; no depositions have been taken. The defendant is entitled, upon motion and notice, to
the name and address of an expert the state may use at trial. Tex. Code Crim. Proc. Ann.
art 39.14 (Vernon Supp. 2004). This puts defense counsel in a criminal case at more of a
disadvantage than a lawyer objecting to the admission of expert testimony in the usual civil
case. For example: How is counsel to know if the underlying scientific theory is objectionable
until the state attempts to prove that it is valid in the hearing required outside the presence of
the jury? How is counsel to know whether the technique applying the theory is objectionable
until the witness describes it for the judge in that hearing? How is counsel to know whether
the expert’s application of the technique on the occasion in question is objectionable until the
witness relates how it was applied in that hearing? How is counsel to know whether the State
has proven these matters by clear and convincing evidence until the state presents the testimony
at the hearing? Because the proponent must satisfy the requirements of the rule, an objection
that the proponent has not satisfied the predicate requirements of Rule 702 is sufficient to cause
the court to hold the hearing out of the presence of the jury. Jackson v. State, 17 S.W.3d 664,
670 (Tex. Crim. App. 2000). When Holmes again objected under Rule 702 to the
admissibility of the testimony before the jury, his objection included all of the requirements of
Rule 702. Rule 702 does not, contrary to the majority’s assertion, require “very specific
objections.” Majority Opinion at 10.
      Based on the extensive explanation advanced to demonstrate non-preservation, I fear that
this case demonstrates a willingness to impose hyper-technical requirements on complaint
preservation, at least in the area of expert testimony.
Evidence of Reliability
      Following Alvarado, I would hold that the trial court did not abuse its discretion in finding
the first two criteria were satisfied, based on Detective January’s testimony. Alvarado v. 
State, 912 S.W.2d 199, 215-16 (Tex. Crim. App. 1995). In this, I agree with the majority. 
Majority Opinion at 8. For that reason, I cannot join the unnecessary discussion about judicial
notice.
Application of Technique
      Detective January testified that the blood found on walls and a sofa probably got there
from a wound gushing blood, or, if blood accumulated on a body, then when the body thrashed
around, the blood flew to the walls and sofa. He said other blood on the floor dripped from a
wound. Blood on a door frame came from someone bleeding who rubbed against it. He said
there was a large amount of blood found throughout the crime scene.
      I would find that the trial court did not abuse its discretion in finding that the third
criterion was satisfied by Detective January’s description of his application of the technique to
the facts on the occasion in question.
      The issue is properly overruled.
EVIDENCE OF PRIOR DRUG USE 
      I also disagree with the majority’s conclusion that the objection to the evidence of prior
drug use was not preserved. The majority confuses “preservation” with the rule that ”the
erroneous admission of testimony is not cause for reversal, if the same fact is proven by other
testimony not objected to.” Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).
      We have written at least twice on this topic since Leday was decided. In Horton v. State,
Chief Justice Davis wrote for a unanimous court:
The State argues that any error arising from the admission of the evidence in question is
"harmless or waived" because evidence of a similar nature was admitted without objection. 
The State's use of the term "waiver" in this instance has been rejected recently by the
Court of Criminal Appeals as inaccurate. See Leday v. State, 983 S.W.2d 713, 718 &
nns.6-8 (Tex. Crim. App. 1998). Under Leday, a trial court's action in improperly
"overruling an objection to evidence will not result in reversal when other such evidence
was received without objection, either before or after the complained-of ruling." Id. at
716-18. In this situation, the court's improper action is "rendered harmless" by the
admission of similar evidence without objection. Id. at 718-19 & nn.6-8.

Horton v. State, 986 S.W.2d 297, 302 (Tex. App.—Waco 1999, no pet.). In Haynes v. State,
citing Leday, we said, “The Court discussed whether the rule is one of waiver or harmless
error, but did not definitively state which it is.” Haynes v. State, 85 S.W.3d 855, 859 (Tex.
App.—Waco 2002, no pet.). It is not a failure to preserve the complaint.
      However, because the same evidence came in later without objection, this issue is properly
overruled.
CONCLUSION
      Because I agree that the issues should be overruled, I concur in affirming the judgment.
 

                                                                         BILL VANCE
                                                                         Justice

Concurring opinion delivered and filed March 24, 2004
Publish