Affirmed and Memorandum Opinion filed January 12, 2006









Affirmed
and Memorandum Opinion filed January 12, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00869-CR

____________

 

RASHAWN
JEROME SANDERS, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

______________________________________________________________

 

On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 964,382

______________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Rashawn Jerome Sanders
pleaded guilty to one count of aggravated assault with a deadly weapon.  Following his presentence investigation
hearing, the trial court sentenced him to fifteen years in prison.  In two issues, appellant argues: (1) the
trial court erred by reviewing the presentence report prior to issuing its
verdict, and (2) the trial court should not have considered his presentence
investigation report prior to assessing punishment, alleging it contained
hearsay and evidence of innocence.  We
affirm.








I.  Factual and Procedural Background

On October 5, 2003, appellant
attended a party with his cousin, Wilfred Hayes, and two friends, James and
Mike Bickam.  At some point in the
evening, the host asked them to leave. 
As the four left the party, a shot was fired from their vehicle that hit
party guest Jason Hinojosa in the head, causing him severe injuries.  Officers from the Houston Police Department
interviewed the host and three other guests. 
Their investigation led to the identification of all four individuals in
the vehicle.  When interviewed by the
police, Hayes, James Bickam, and Mike Bickam identified appellant as the
shooter.

Appellant was arrested and
charged with aggravated assault with a deadly weapon.  He pleaded guilty, signed a waiver of his
constitutional rights, and filed a motion for community supervision.  The court made no finding of guilt and
ordered the preparation of a presentence investigation report.  Included in the report was the text of a
written statement made by appellant as well as statements of the witnesses, as
recorded by the investigator.  The
report, which did not include a sentencing recommendation, was admitted at the
presentence investigation hearing without objection or supplementation from
either appellant or the State.  At the
conclusion of the hearing, the trial court sentenced appellant to fifteen years
in prison.

II.  Issues Presented








Appellant presents two issues for
our review.  First, he argues the trial
court violated his federal constitutional right to due process and his state
constitutional right to due course of law by viewing the presentence
investigation report before making a finding of guilt.[1]  In his second issue, he contends the trial
court should not have considered the presentence investigation report in making
its sentencing determination because the report contained both hearsay and
evidence of appellant=s
innocence. 

III.  Analysis

To present a claim for appellate
review, it is a prerequisite that a complaint stating the specific grounds for
the objection be made in the trial court. 
Tex. R. App. P. 33.1(a).  With the exception of complaints involving
systemic or absolute requirements, or rights that are only lost upon an
expressed waiver, failure to comply with Rule 33.1 terminates appellant=s right
to present an issue on appeal, regardless of whether the alleged right is
derived from the constitution, a statute, or another source.  Mendez v. State, 138 S.W.3d 334, 342
(Tex. Crim. App. 2004) (en banc).

Appellant=s
presentence investigation hearing began as follows:

THE COURT:  The Court made no finding of guilt and
ordered a Presentence Investigation Report be prepared.  Both sides having had an opportunity to review
the proposed Presentence Investigation Report, are there any objections or
changes from the State?

THE STATE:  No, Your Honor.

THE COURT:  From the defense, [counsel]?

APPELLANT=S COUNSEL:  Nothing, Your Honor.

THE COURT:  All right. 
Other than the PSI, [Mr. Prosecutor], is there any additional evidence
from the State?

THE STATE:  No, Your Honor.

THE COURT:  State rests?

THE STATE:  State rests.

THE COURT:  [Counsel]?

APPELLANT=S COUNSEL:  Nothing, your honor.

 








Following the arguments of both
the State and appellant, the trial court stated it became aware of appellant=s prior
arrests from reading the presentence investigation report.  The trial court then concluded the hearing
with the following statement:

THE COURT:  On your plea of guilty and the evidence
introduced, I find you guilty of aggravated assault with a deadly weapon.  I assess your punishment at fifteen years in
the Institutional Division.  Is there any
reason I should not sentence your client, [counsel]?

APPELLANT=S COUNSEL:  No, Your Honor.

THE COURT:  Knowing of no legal reason, it is the order
of this Court that you, [appellant], are adjudged to be guilty of aggravated
assault with a deadly weapon and whose [sic] punishment is assessed at fifteen
years . . . . 

 

Appellant=s counsel
made no additional statements at the hearing, nor did she supplement the record
with any motions or requests that would make the trial court aware of the
errors appellant now presents on appeal. 


The
record indicates that appellant=s counsel
was given an opportunity to contest both the alleged hearsay and evidence of
innocence contained in the presentence investigation report, as well as the
judge=s review
of the report prior to rendering his verdict and issuing a sentence.  If the trial court did not have the
opportunity to rule upon the proponent=s
appellate rationale, the argument cannot be raised on appeal.  Reyna v. State, 168 S.W.3d 173, 178
(Tex. Crim. App. 2005).  Accordingly,
appellant has failed to preserve both of his issues for our review.








Even had appellant had objected to
both issues, however, a trial court does not violate a defendant=s constitutional rights when it
reviews a presentence investigation report after the defendant has
pleaded guilty and has filed a motion for community supervision.  Baldridge v. State, 77 S.W.3d 890, 832
(Tex. App.CHouston [14th Dist.] 2002, no
pet.).  These were the circumstances in
the instant case.  Hence, we would
conclude the trial court did not err by reviewing the report.  Concerning appellant=s second issue, the trial court is
not precluded from considering a presentence investigation report merely
because it includes hearsay.  Stancliff
v. State, 852 S.W.2d 630, 632 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d). 
The appellant bears the burden of proving that the information was
materially inaccurate and that the judge relied on inaccurate
information.  Id. (emphasis
original). Because on this record, appellant could not have met his burden, we
would overrule appellant=s second issue.

For the
foregoing reasons, we affirm the judgment of the trial court.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed
January 12, 2006.

Panel consists of Justice Fowler, Edelman, and
Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  See U.S.
Const. amend. XIV '1; Tex. Const. art.
I ' 19.  The term Adue process of law@ in the
Fourteenth Amendment to the federal constitution and the term Adue course of law@ in our
state constitution mean the same thing.  Jimenez
v. State, 32 S.W.3d 233, 242 (Tex. Crim. App. 2000) (en banc).