Opinion issued February 18, 2010

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00045-CR

NO. 01-09-00046-CR

———————————

Corey Harrison, Appellant

V.

State of Texas, Appellee



 



 

On Appeal from the 232nd District Court

Harris County, Texas



Trial Court Case Nos. 1188431 & 1188433

 



MEMORANDUM OPINION

          Appellant
Corey Harrison pleaded guilty to the felony offenses of aggravated robbery and
aggravated assault and true to two enhancement paragraphs, without an agreed
punishment recommendation.[1]  See Tex. Penal Code Ann. §§ 22.02, 29.03
(Vernon 2003).  The trial court ordered a
pre-sentence investigation (PSI) and, after receiving the PSI report, held a
sentencing hearing.  See Tex. Code (Tex. Crim. App.
Proc. Ann. art. 42.12, § 9 (Vernon Supp. 2008).  After the hearing, the trial court assessed
punishment at forty years’ imprisonment.  Harrison contends that (1) the trial court
erred in relying on allegedly inaccurate extraneous offenses listed in the PSI report;
and (2) he received ineffective assistance of counsel because his counsel
failed to object to the admission of the reported offenses in the PSI.  See U.S. Const. amend. VI; Tex. Const. art. I, § 10.  Finding no error, we affirm.

BACKGROUND

          One
evening in December 2007, Linda Mazzei met her sister, Catherine Weiman, for
dinner and shopping.  After the two women
completed their errands, they began loading their purchases into the trunk of Mazzei’s
car.  Harrison approached them in the
parking lot, said something to Mazzei, and held a handgun to her forehead.  Mazzei tossed her purse to Harrison, then ran
toward her sister to shield her.  Harrison
shouted and again pointed his gun toward them. 
Then, taking Mazzei’s purse with him, Harrison got into a nearby car and
attempted to drive away.  Weiman followed
Harrison’s car out of the parking lot and summoned the police.  The police stopped Harrison and arrested him.

          Harrison
pled guilty to the felony offenses of aggravated burglary and aggravated
assault as charged.  During the
sentencing hearing, Harrison testified that he had an opportunity to read the
pre-sentence investigation report and verified that the information in the
report was correct.  He further testified
to having been under the influence of marijuana when he committed the robbery.  On cross-examination, Harrison conceded that
he had a history of illegal drug use, two prior convictions for unlawful
possession of a firearm, and had been terminated from his last job for theft. 

DISCUSSION

I.       Challenge
to consideration of PSI

          Harrison’s
social criminal history detailed in the PSI report constitutes extraneous
evidence of crimes or bad acts governed by article 37.07 of the Texas Code of
Criminal Procedure and Rule of Evidence 404(b).  See Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(g) (Vernon 2006) (citing Tex. R.
Evid. 404(b)).  Article 37.07
provides that, “[o]n timely request of the defendant,” the State must provide
“reasonable notice . . . in advance of trial” of its intent to introduce
extraneous-conduct evidence.  Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(g); see Tex. R. Evid. 404(b).  The
trial court has broad discretion to admit or exclude extraneous-conduct
evidence.  Garcia v. State, 239 S.W.3d 862, 866 (Tex. App.—Houston [1st Dist.]
2007, pet. ref’d).

          Harrison
contends that the report of his criminal history in the PSI contains defects, such
as the reporting of offenses with an “unknown” disposition and a charge he
contends is false, as well as other errors.[2]  As a result, Harrison contends, we should reverse
for a new sentencing hearing so that Harrison can point out those defects to
the court.  

          A
defendant’s allegation that information contained in his PSI report is
factually inaccurate does not render the report inadmissible.  Stancliff
v. State, 852 S.W.2d 630, 631–32 (Tex. App.—Houston [14th Dist.] 1993, pet.
ref’d); Templeton v. State, No.
01-96-01150-CR, 1997 WL 167841 (Tex. App.—Houston [1st Dist.] Apr. 10, 1997,
pet. ref’d) (unpublished).  Harrison bore
the burden to point out any material inaccuracy in the PSI to the trial court
at the time of the sentencing hearing.  See Garcia v. State, 930 S.W.2d 621, 623–24
(Tex. App.—Tyler 1996, no pet.); Stancliff,
852 S.W.2d at 632; see also Tex. Code Crim. Proc. Ann. art. 42.12,
§ 9(a), (e) (Vernon Supp. 2003).  He
waived this contention by failing to first object or make the required showing
before raising the issue on appeal.  See Tex.
R. App. P. 33.1; see Reagan v.
State, 832 S.W.2d 125, 127 (Tex.App. —Houston [1st Dist.] 1992, no pet.).

II.      Ineffective
assistance of counsel claim

          A.      Standard
of review

          Harrison
contends that trial counsel’s failure to object to the errors in the PSI amounts
to ineffective assistance in violation of the federal and the Texas constitution.
 In reviewing claims of ineffective
assistance of counsel, we employ the standard of review established in Strickland v. Washington, 466 U.S. 668,
104 S. Ct. 2052 (1984).  See Hernandez v. State, 988 S.W.2d 770,
770 (Tex. Crim. App. 1999) (holding that Strickland
two-prong test applies to ineffective assistance claims throughout trial,
including punishment).  To obtain reversal
of a conviction based on ineffective assistance of counsel, the defendant must show
that (1) counsel’s representation fell below objective standards of
reasonableness, and (2) there is a reasonable probability that, but
for counsel’s errors, the result of the proceeding would have been
different.  Id. at 775 n.3.

Harrison has not satisfied his
burden.  The record before the trial court
does not show that the extraneous offense report was materially inaccurate or
that the trial court relied on inaccurate information in determining Harrison’s
sentence.[3]  See
Garcia, 930 S.W.2dat 623–24; Stancliff,
852 S.W.2d at 631–32; see also Tex. Code Crim. Proc. Ann. art. 42.12,
§ 9(a), (e).  In particular, nothing in
the record indicates that the trial judge, who is presumed to know the law,
relied on any allegation of an extraneous offense that the State had failed to
prove as a matter of law, including alleged offenses for which the disposition
was “unknown.”  Neither the trial court
nor the State mentioned the PSI report during the sentencing hearing, and the
facts presented during the sentencing hearing support the forty-year sentence
assessed in this case independently of the criminal history detailed in the PSI
report.  

CONCLUSION

          We
hold that Harrison waived his objection to the PSI report and that he failed to
meet his burden to show ineffective assistance of counsel under Strickland.  We therefore affirm the judgment of the trial
court.  All pending motions are dismissed
as moot.

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]  The
enhancement paragraphs in the indictment recite that Harrison has a prior
conviction for felony possession of a controlled substance and a prior conviction
for being a felon in possession of a weapon.





[2]  At this
court’s request, the trial court clerk supplemented the appellate record with a
copy of the PSI report.





[3]
Harrison filed a motion for new trial, but not
until after the trial court’s plenary power expired.  The motion for new trial attaches Harrison’s
Louisiana rap sheet and Louisiana authority concerning the listed
offenses.  This evidence was not timely
presented to the trial court.  Even
considering it, the record still is not sufficiently developed to support a
conclusion that the trial court relied on any materially inaccurate information
in assessing Harrison’s sentence.