Directory: \\1st-tames\Judges\JudgeSharp\CMorales\Memo drafts\woods













Opinion issued March 3, 2011



In The

Court
of Appeals

For The

First
District of Texas

————————————

NOS. 01-09-00858-CR

          01-09-00859-CR

          01-09-00860-CR

———————————

Courtney Woods, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 337th District
Court

Harris County, Texas



Trial Court Case Nos. 1199063,
1199276, and 1199277

 



 

MEMORANDUM OPINION

          Appellant Courtney Myers Woods pleaded
guilty, without a plea agreement, to committing three aggravated
robberies.  The trial court sentenced him
to twenty years in prison on each case with the sentences to run concurrently.  In a single issue raised in all three
appeals, appellant asserts that he received ineffective assistance of counsel
at punishment.  We affirm.

Background

          Appellant
pleaded guilty to committing three aggravated robberies in Harris County and
requested the preparation of a presentence investigation report (“PSI”) and the
continuation of the hearing.  The trial court
granted appellant’s request, recessed the hearing without making a finding of
guilt, and ordered the preparation of a PSI.

          A few
months later the court reconvened the case to consider the PSI and appellant’s
other evidence and witnesses.  Without
objection from the defense, the State
introduced a DVD of one of the aggravated robberies.  The State called no witnesses.

          The PSI
included descriptions of the three robberies and statements of appellant to the
effect that he needed money and had been to see some acquaintances known for
having money who invited him to join a gang and participate in robberies.  When he was caught following a robbery of a
“Little Caesar’s Pizza” restaurant, his participation in the gang ceased.

          The PSI
contained a “Victim Impact Statement” from a complainant in the robbery
featured on the DVD that alleged that appellant had “pointed a gun at him
during the robbery and he thought he was going to be killed.”

          The PSI
also contained information on two alleged aggravated robberies by appellant in
Brazoria County: “Aggravated Robbery, set for trial on 11/02/09 in Brazoria
County, Texas.  An Aggravated Robbery of
a post office is being carried with that case, but it has not been
indicted.”  The “post office” robbery was
described in detail and the PSI noted that, after a live lineup, appellant was
identified as the robber.

          The PSI was not introduced into
evidence but was considered by the trial court.  The court invited both sides to provide
additional information for its consideration but there is no record of the trial
court asking the defense to point out any inaccuracies in the PSI report.

          Appellant
called numerous character witnesses—family, friends, a counselor, and a pastor—and
introduced a packet of letters attesting to his character and asked the court
to place him on deferred adjudication community supervision.  Appellant’s testimony noted that his need of
money for college and to raise his child was such that he succumbed to others
who pressured him into a “crime spree.” 
Appellant further pointed out that the DVD bolstered his testimony that
he never took the gun (a pellet gun) out of his waistband or pointed it at
anyone.

          When
asked in cross-examination about other aggravated robberies that he had
committed, appellant invoked his Fifth Amendment privilege and his attorney
informed the court that appellant was set for trial in Brazoria County for
aggravated robbery.  Since the PSI
recited one case set for trial and another being “carried along with that,” the
trial court asked if the PSI was incorrect. 
As appellant’s trial counsel was also counsel in the Brazoria County
cases, she explained that, while the one case was indicted and set for trial,
there was another aggravated robbery case not yet charged, but which was being
used by the Brazoria County district attorney as an “extraneous offense.”

          In her closing argument, trial counsel reminded the court
that the DVD did not show appellant brandishing a weapon, but only lifting his
shirt to exhibit that he had one.  The
trial court noted the inconsistency of having seen no pointed gun in the video
and the complainant’s statement that appellant pointed a gun at him during the
robbery.  The prosecutor, too, responded,
“I would agree with that, Judge.”  The
court acknowledged the State’s agreement: “All right.  So, at this point, we’ll say that [the
complainant’s] statement is mistaken.” 
The State answered, “Yes, Judge. 
Although there was some of - - some of the incident did take place off
video as you saw.  But I can’t say what
happened there.”  The court then observed
“that there was no objection at that point to the PSI being accurate when I
asked [defense counsel] about it.”  Trial
counsel responded, “I understand” and “I apologize” and the trial court told
her to continue her argument.  She did,
stating “So there wasn’t an actual brandishing of the weapon . . . .”  Counsel asked the court to give appellant
another chance and place him on deferred adjudication community supervision.

          In the State’s argument, the prosecutor did not mention any
brandishing of a weapon but asked the court’s consideration of the “eight
people who got robbed at gunpoint by” appellant; that appellant “had a choice
to commit these five separate robberies, two of which he d[id] not want to
acknowledge, and robbing eight people;” that “those eight people” had no
choice; that appellant had forever “impacted the lives of those eight people;”
and that there were “eight people whose . . . lives changed forever.”  The prosecutor asked for a prison sentence,
pointing “out that [appellant] ha[d] committed five robberies,” and that if he
received the minimum sentence for each crime, that would be twenty-five years,
and if he received the minimum sentence “for each person that he robbed,” that
would be forty years.

          The trial court sentenced appellant to twenty years in
prison in each case, with the sentences to run concurrently.

          Appellant filed a timely notice of appeal and a request for
new counsel.  New counsel timely filed a
motion for new trial, alleging, among other things, that appellant received
ineffective assistance of counsel due to counsel’s failure to object to
incorrect, harmful information in the PSI, namely that appellant pointed a gun
at a complainant rather than only displaying a gun handle in his waistband.

          Trial counsel filed an affidavit stating that she had
represented appellant in Harris County and Brazoria County.  She explained that there was one aggravated
robbery case pending in Brazoria County and another aggravated case involving a
U.S. Post Office never formally charged but only used as an extraneous offense.[1]  Counsel also explained that she had tried to
reach a plea agreement but the State would not offer less than thirty-five
years in prison, which appellant rejected. 
Appellant did not want a jury trial because of the risk and chose to
plead without a plea agreement in hope of obtaining community supervision.

          No hearing was conducted on the motion for a new trial
because Brazoria County had sent appellant to prison rather than returning him
to Harris County and appellant could not be present.  Appellate counsel asked the trial court not
to make findings of fact or conclusions of law and withdrew the motion for new
trial.

 

Discussion

          In his sole issue, appellant
contends that he received ineffective assistance of counsel at the punishment
portion of his hearing because his counsel failed to object to two statements
in the presentence investigation report: (1) complainant’s claim that appellant
had pointed a gun at the complainant—a fact contradicted by the video and
appellant’s testimony—and (2) a statement that appellant had a pending
uncharged case in Brazoria County (making a total of five pending aggravated
robberies).  Appellant acknowledges that
there is no record of trial counsel’s reasons for not objecting to these
statements, but argues that there was no plausible defense strategy for not
objecting to these statements.

          The United States Constitution, the Texas Constitution, and
a Texas statute guarantee an accused the right to reasonably effective
assistance of counsel.  See U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.051 (West
Supp. 2008); Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052,
2063 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App.
1997).  To prove ineffective assistance
of counsel, a defendant must show that (1) trial counsel’s representation fell
below an objective standard of reasonableness, based on prevailing professional
norms, and (2) there is a reasonable probability that the result of the
proceeding would have been different but for trial counsel’s deficient
performance.  See Strickland,
466 U.S. at 687–95, 104 S. Ct. at 2064–69; Hernandez v. State, 726 S.W.2d 53, 55–57
(Tex. Crim. App. 1986) (applying Strickland test to review of claim of
ineffective assistance of counsel under Texas statutes and constitutional
provisions). Under Strickland, the defendant “must prove, by a
preponderance of the evidence, that there is, in fact, no plausible
professional reason for a specific act or omission.”  Bone v. State, 77 S.W.3d 828, 836 (Tex.
Crim. App. 2002).  The defendant must
also show a reasonable probability that, but for counsel’s error, the result of
the proceeding would have been different. 
Id. at 833.  A “reasonable
probability” means a “probability sufficient to undermine confidence in the
outcome.”  Strickland, 466 U.S. at
694, 104 S. Ct. at 2068.

          Judicial scrutiny of counsel’s performance must be highly
deferential, and the defendant must overcome the presumption that, under the
circumstances of the case, the challenged action might be considered sound
trial strategy.  Id. at 689, 104 S. Ct. at 2065. 
We apply a strong presumption that trial counsel was competent and
presume that counsel’s actions and decisions were reasonably professional and
motivated by sound trial strategy.  Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

          Prior to sentencing by a judge in a felony case, the judge shall
direct a community supervision officer to prepare a pre-sentence investigation (PSI)
report, which report it is statutorily permitted to consider.  See
Tex. Code Crim. Proc. Ann. art.
42.12, § 9(a) (West Supp. 2010); Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(d) (West Supp. 2010).  The judge shall allow the defendant or his
counsel to review and comment on the report, and, with leave of the court, proffer
evidence as to any factual inaccuracies therein.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 9(d), (e).  The allegation that
information in the report is inaccurate does not render the report
inadmissible.  Stancliff v. State, 852 S.W.2d 630, 632 (Tex. App.—Houston [14th
Dist.] 1993, pet. ref’d).  Rather, the defendant
bears the burden of proving that the information was materially inaccurate and
that the judge relied upon it.  Id.

          If
the report contains information regarding extraneous offenses, “Section 3(a)(1)
of Article 37.07 [of the Code of Criminal Procedure] does not prohibit a trial
court, as a sentencing entity, from considering extraneous misconduct just
because the extraneous misconduct has not been show to have been committed by
the defendant beyond a reasonable doubt, if that extraneous conduct is
contained in a PSI.”  Smith v. State, 227 S.W.3d 753, 763
(Tex. Crim. App. 2007).  Rather, the
trial court may consider extraneous acts contained in a PSI not proven beyond a
reasonable doubt if there is some evidence from some source (including the PSI
itself) from which the trial court may rationally infer that the defendant had any criminal responsibility for
the extraneous offense.  Id. at 764.

          Appellant
complains of trial counsel’s failure to make a “proper objection” to the PSI statement
of the complainant who claimed to have had a gun pointed at him.  Counsel, however, did point out to the trial
court that this was inaccurate and noted the disparity with the video.[2]

          Appellant does not suggest
what additional objections counsel should have made beyond those permitted by
the Code of Criminal Procedure, nor has he presented any authority supporting the
position that, had counsel made such additional unspecified objections, the
objections would have been granted and such grant would have produced a source
of reasonable probability, sufficient to undermine confidence in the outcome,
that the result of the proceeding would have been different.  We hold that appellant has failed to meet his
burden under the first and second prongs of Strickland
as to this portion of his complaint.

          Appellant
further complains that trial counsel was ineffective for not objecting to the
“misstatement that Appellant had 5 Aggravated Robberies” since he submits there
was “no evidence that Appellant was at all connected to, involved with or
guilty of the fifth Aggravated robbery that was in the PSI.”  Appellant argues that trial counsel either failed
to read the PSI and/or “had no idea of her duty to object” to this information
he characterizes as inadmissible “because there is no evidence that he was
guilty of another offense in Brazoria County, although it’s stated so in the
PSI.”

          We must first clarify that
the PSI did not state that appellant was guilty of two Brazoria County offenses,
but only that there was one case set for trial and another, not indicted, was
being “carried with” that trial case.  Indeed,
appellant’s counsel focused the court’s attention on the fact that the
unindicted, uncharged case was being used as an extraneous.  That case, the “post office robbery,” was the
one discussed in the PSI in which appellant was identified by the
complainant.  Although no evidence was
proffered that these statements in the PSI were untrue, trial counsel properly
clarified the relationship of the cases.

          Because there was no
evidence connecting him to the uncharged aggravated robbery, appellant argues, Code
of Criminal Procedure article 37.07, section 3(a)(1) prohibits the
consideration of this extraneous offense unless it was proven beyond a
reasonable doubt that he committed the crime. 
Appellant cites to a 1995 case from this Court and a 1993 case from the
Fifth Circuit interpreting then-existing Texas law and holding that the failure
to object to extraneous offenses in a PSI was ineffective assistance of counsel
because extraneous offenses were then not admissible as evidence at punishment.[3]  See
Thomas v. State, 923 S.W.2d 611, 612–13 (Tex. App.—Houston [1st Dist.]
1995, no pet.); see also Spriggs v.
Collins, 993 F.2d 85, 89–90 (5th
Cir. 1993).  Both cases pre-date
significant changes in the Code of Criminal Procedure (notably, that extraneous
offenses are now admissible at punishment), and in 2007, the Court of Criminal
Appeals specifically held article 37.07, section 3(a) to be inapplicable to
extraneous offenses discussed in a PSI and so extraneous offenses contained in
a PSI do not need to be proven beyond a reasonable doubt in order to be
considered by the trial court at punishment. 
See Smith, 227 S.W.3d at
763–64.  Rather, there only need be some
evidence from some source from which it could be rationally inferred that a
defendant had any criminal responsibility for the extraneous offense.  Id.
at 764.  Here, information in the PSI
positively identifying appellant was sufficient for the trial court to
rationally infer he had some criminal responsibility for that offense.  We hold that appellant has failed to meet his
burden under the first prong of Strickland
as to this portion of his complaint.

          We overrule appellant’s sole issue.

 

 

Conclusion

          We affirm the judgment of
the trial court in each cause.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel consists of Justices Jennings, Alcala, and
Sharp.

Do not publish. 
Tex. R. App. P. 47.2(b).











[1]
          In open court, appellate counsel later acknowledged
receiving copies of the Brazoria County offense report from the State involving
the robbery of a postal worker.





[2]           We note also that the
prosecutor pointed out that part of the offense took place “off-camera.”  While appellant denied pointing the gun at
any time, the trial court could have chosen not to believe him, but to believe
instead that the complainant’s statement referred to the “off-camera” period.

 





[3]
          The
Fifth Circuit has since repudiated its holding in Spriggs, noting that Texas law has now changed.  See
Givens v. Cockrell, 265 F.3d. 306, 310 n.4 (5th Cir. 2001).