**Opinion issued November 1, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-10-00100-CR

————————————

**GARY WAYNE SCHULTE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case No. 1181066**

---

### MEMORANDUM OPINION

Gary Wayne Schulte pleaded guilty to first degree felony theft. Following a Presentence Investigation Hearing, the trial court sentenced Schulte, in absentia, to life in prison, assessed a $10,000 fine, and ordered him to pay restitution in the amount of $848,099.20. On appeal, Schulte argues that the trial court erred in

considering erroneous information in Schulte's Presentence Investigation Report, and that the trial court erred in refusing to consider mitigating evidence of his bankruptcy in determining Schulte's punishment. We affirm.

## Background

On June 2, 2009, Schulte entered a plea of guilty to first degree felony theft. *See* TEX. PENAL CODE ANN. § 31.03(e)(7) (West 2011). The trial court held a Presentence Investigation Hearing on September 2, 2009, at which Schulte did not appear. Although the PSI report was not offered into evidence, the record reflects that both parties received a copy of it before the September 2 hearing, and the trial court's comments likewise reflect that it had reviewed the contents of the PSI report before the hearing.

The complainant, George Speaks, testified at the September 2 hearing that he took Schulte on as a client in his receivables factoring business. According to Speaks, Schulte's bank contacted Speaks and told him that Schulte was engaged in "check kiting." Speaks testified that he confronted Schulte, who admitted stealing money from Speaks throughout their business relationship. Speaks testified that as a result of the theft, Schulte owed him over $1,300,000.

Shannon Hogan, a former fraud investigator for the Harris County District Attorney's Office, testified that Schulte made restitution payments to Speaks from 2006 until 2008 in an amount totaling $155,750. Then, in February 2008,

2

Schulte's restitution checks stopped clearing and he made no further payments to Speaks. Speaks then reported Schulte to the authorities. During his cross-examination of Hogan, Schulte's attorney attempted to offer details of Schulte's bankruptcy, and the State objected:

> Defense Counsel: Okay. Are you aware that the defendant filed for bankruptcy at some point?
>
> Hogan: I did become aware of that during the investigation.
>
> Defense Counsel: At what point did he file for bankruptcy, do you know?
>
> Prosecutor: I'd object to the relevance of the bankruptcy filing.
>
> The Court: Sustained
>
> Defense Counsel: Do you know if [Speaks' company] is included in the bankruptcy?
>
> Prosecutor: Judge, again, I'm going to object. That's not relevant for purposes of this hearing.
>
> The Court: Sustained.
>
> Defense Counsel: Judge, I mean, it would be relevant as far as the ceasing of the payments.
>
> The Court: I'm sorry, sir?
>
> Defense Counsel: It would be relevant, the bankruptcy filing, as to being one of the reasons payments ceased—the payments to [Speaks' company], why they ceased why they stopped.
>
> Prosecutor: Judge, can I be heard on that?
>
> The Court: Yes.

Prosecutor: Whether it was paid back or not, it doesn't matter. Hypothetically, if you go to bankruptcy, you don't have any money; so, the issue really is what's the amount, not why he didn't continue to pay or why he couldn't pay or why—I mean, that's not relevant here. What's relevant is how much did he pay.

The Court: I agree. Overruled. [sic]

Schulte's counsel then concluded his cross-examination of Hogan. He made no further attempt to elicit testimony or other evidence regarding the details of Schulte's bankruptcy. Nor did he make an offer of proof regarding the date of the bankruptcy or any other matter relating to the bankruptcy. The trial court, noting Schulte had absented himself from the hearing, sentenced Schulte, in absentia, to life in prison. On February 9, 2010, Schulte appeared in court for oral sentencing.

**Presentence Investigation Report**

In his first issue, Schulte contends that the trial court erred in sentencing him based upon faulty information in his PSI report.[1] According to Schulte, this theft offense is his first conviction and the references in the PSI report to his five previous convictions are errors.

A defendant's allegation that information contained in his PSI report is factually inaccurate does not render the PSI report inadmissible. *Stancliff v. State*, 852 S.W.2d 630, 631–32 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd);

---

[1] At this court's request, the trial court clerk supplemented the appellate record with a copy of the PSI report.

*Templeton v. State*, No. 01-96-01150-CR, 1997 WL 167841 at *1 (Tex. App.—Houston [1st Dist.] Apr. 10, 1997, pet. ref'd) (not designated for publication). Schulte bore the burden of pointing out any material inaccuracy in the PSI report to the trial court at the time of the sentencing hearing. *See Harrison v. State*, No. 01-09-00045-CR, 2010 WL 547388 (Tex. App.—Houston [1st Dist.] Feb. 18, 2010, no pet.) (mem. op., not designated for publication); *Stancliff*, 852 S.W.2d at 632; *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(a), (e) (West 2003). Moreover, to preserve the issue for appeal, Schulte was required to make a timely objection and get a ruling on his objection from the trial court. *See* TEX. R. APP. P. 33.1. In *Harrison*, the appellant argued that the trial court erred in considering erroneous evidence, including an allegedly false charge, in his PSI report, but raised this argument for first time on appeal. *Harrison*, 2010 WL 547388 at *2. This Court held that by failing to bring any alleged errors to trial court's attention in timely manner, appellant had failed to preserve the issue for review on appeal. *Id.*

Here, Schulte's LSI-R report, which was attached to the PSI report, enumerated Schulte's criminal history as follows:

1. Any prior adult convictions: Yes, Number: 5
2. Two or more prior convictions: Yes
3. Three or more prior convictions: Yes
4. Official record of assault/violence: Yes

5

In addition, the notes in the LSI-R report stated that "Client has 5 prior felony convictions," and a summary on a separate page also indicated that Schulte had five prior convictions.

Schulte failed to object to any purported error in the PSI report during the sentencing hearing. Moreover, the record does not reflect that Schulte objected to the PSI report by filing a motion for new trial. Schulte brought the alleged error to the trial court's attention for the first time after the case was already on appeal and this court abated and remanded the case to the trial court to determine whether Schulte wished to continue to prosecute this appeal. By failing to timely object to the PSI report on the basis that it contained allegedly erroneous information, Schulte failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; *Harrison*, 2010 WL 547388 at *2; *see also Reagan v. State*, 832 S.W.2d 125, 127 (Tex. App.—Houston [1st Dist.] 1992, no pet.).

We overrule Schulte's first issue.

**Mitigating Evidence**

In his second issue, Schulte contends that the trial court erred by refusing to consider what he claims was relevant mitigating evidence about his bankruptcy filing.

Regardless of a defendant's plea or whether punishment is assessed by the judge or jury, evidence may, as permitted by the Rules of Evidence, be offered by

6

the State and the defendant "as to any matter the court deems relevant to sentencing." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (West 2011) (providing that, at punishment stage, evidence may include but is "not limited to the prior criminal record of the defendant, his general reputation, his character, and opinion regarding his character"). To be entitled to a new sentencing hearing, appellant must show that the trial court denied him the opportunity to present evidence in mitigation of punishment. *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (per curiam). A trial court has wide discretion in deciding the admissibility of evidence presented at the punishment phase of trial and we review a trial court's exclusion of evidence under an abuse of discretion standard of review. *Lamb v. State*, 186 S.W.3d 136, 141 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Harris v. State*, 152 S.W.3d 786, 793 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

Although Hogan testified without objection to the fact that Schulte filed for bankruptcy, when Schulte attempted to elicit testimony about the details of the bankruptcy, the State objected. Schulte argued that the testimony was relevant because it explained why he stopped making restitution payments to Speaks. The trial court said it agreed with the State's argument and it did not hear or consider the evidence. Schulte did not offer any additional evidence regarding Schulte's bankruptcy, nor did he make an offer of proof or bill of exception.

"Error may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the party is affected, and . . . the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked." TEX. R. EVID. 103(a)(2); *Holmes v. State*, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009). "The primary purpose of the offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful." *Holmes*, 323 S.W.3d at 168. Error in the exclusion of evidence may also be preserved by a bill of exception. TEX. R. APP. P. 33.2; *see Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999) ("Error in the exclusion of evidence may not be urged unless the proponent perfected an offer of proof or a bill of exceptions."). During the hearing, Schulte did not show what additional evidence relating to his bankruptcy he wanted the trial court to consider. Nor did he file a motion for a new trial. Because the substance of the bankruptcy evidence that Schulte wanted the trial court to consider is not in the record, we cannot examine it to determine whether the exclusion was erroneous or harmful. *See Holmes*, 323 S.W.3d at 168. Schulte failed to preserve this issue for our review. *See* TEX. R. EVID. 103(a)(2); *Holmes*, 323 S.W.3d at 170; *cf. Edwards v. State*, 178 S.W.3d 139, 146 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding error preserved when witness answered before State objected, so excluded testimony was contained in record).

We overrule Schulte's second issue.

## Conclusion

We affirm the judgment of the trial court.


                                     Rebeca Huddle
                                     Justice

Panel consists of Justices Higley, Sharp, and Huddle.

Do not publish.　TEX. R. APP. P. 47.2(b).