**Opinion filed October 20, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00029-CR
_____

## ROHN CIRKLAND KINGSTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Mitchell County, Texas**
**Trial Court Cause No. 8109**

## M E M O R A N D U M   O P I N I O N

Appellant, Rohn Cirkland Kingston, entered an open plea of guilty to the first-degree felony offense of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B) (West 2019). The trial court accepted Appellant's guilty plea and ordered that a presentence investigation report be prepared. During a subsequent hearing, the trial court adjudicated Appellant guilty and imposed a sentence of fifty years' confinement in the Institutional Division of

the Texas Department of Criminal Justice and a fine of $1,000. The trial court certified Appellant's right to appeal his sentence, and Appellant raises two issues on appeal. We affirm.

*Procedural History*

Appellant was indicted for the offense of super-aggravated sexual assault of a child, a first-degree felony carrying a punishment range of twenty-five to ninety-nine years or life. *See* PENAL §§ 12.32, 22.021(f)(1). Upon agreement with the State, on January 28, 2021, Appellant entered an open plea to the lesser included offense of aggravated sexual assault of a child, also a first-degree felony, but with a punishment range of five to ninety-nine years or life. Appellant entered his plea of guilty and also provided the trial court sworn testimony in support of his plea. Appellant requested the trial court defer a finding of guilt until the sentencing hearing; the trial court agreed and set the sentencing hearing for February 26, 2021.

At the sentencing hearing, the trial court heard from two witnesses: Deputy Thomas Moore, an investigator with the Mitchell County Sheriff's Office, and Special Agent Anthony Bennett, with the Texas Department of Public Safety. The State offered three exhibits into evidence with no objection from Appellant: Exhibit No. 1 (the penitentiary packet from the Texas Department of Criminal Justice); Exhibit No. 2 (a video recording of excerpts of Appellant's interrogation with Deputy Moore and Special Agent Bennett); and Exhibit No. 3 (a photograph of the victim). Appellant called no witnesses and presented no evidence to the trial court. The presentence investigation report (PSI) had been completed as requested by the trial court. Appellant stated that he reviewed the PSI and had no objections.

During closing argument, the State requested that the trial court sentence Appellant to "at least 50 years." The trial court found Appellant guilty of aggravated sexual assault of a child and assessed punishment at confinement for fifty years in the Texas Department of Criminal Justice and a $1,000 fine.

Appellant appeals his sentence alleging two issues: (1) that his sentence is a violation of the Eighth Amendment guarantee against cruel and unusual punishment and (2) that the inclusion of the police report and sexual assault forensic medical assessment report (SANE report) in the PSI constituted harmful error.

*Issue One*

In Appellant's first issue, he contends that his sentence is a violation of the Eighth Amendment guarantee against cruel and unusual punishment. To preserve a complaint that a sentence constitutes cruel and unusual punishment, a defendant must first raise the issue to the trial court by a "timely request, objection, or motion" stating grounds for the desired ruling, and the trial court must either rule or refuse to rule on the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1), (2); *Jones v. State*, No. 11-19-00251-CR, 2021 WL 3413794, at *1 (Tex. App.—Eastland Aug. 5, 2021, no pet.) (mem. op., not designated for publication). An appellant may also preserve a sentencing issue by raising it in a motion for new trial. *Jones*, 2021 WL 3413794, at *2.

Appellant did not object that his sentence was cruel, unusual, disproportionate, or excessive when the trial court pronounced the sentence, and Appellant did not file a motion for new trial. Therefore, Appellant failed to preserve his complaint for our review. *See Curry v. State*, 910 S.W.2d 490, 497–98 (Tex. Crim. App. 1995) (failing to object at trial waives a claim of cruel and unusual punishment). Appellant concedes that he did not preserve the issue for appeal, but requests that this court evaluate his sentence anyway. We decline to do so and overrule Appellant's first issue.

*Issue Two*

In Appellant's second issue, he argues that the inclusion of the police report and SANE report in the PSI constituted harmful error. To preserve such a complaint, Appellant must have objected in the trial court, and the trial court must have ruled

on the objection or refused to rule on it. *See* TEX. R. APP. P. 33.1(a)(1), (2); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003).

Appellant admits that he did not object to the PSI during the sentencing hearing. Despite the admission that he did not preserve the alleged error for review, Appellant claims that the reports constitute inadmissible hearsay and that the trial court is not free to ignore the rules of evidence during the punishment phase of trial. While the trial court must indeed follow the rules of evidence during the punishment phase, we note that the PSI was not actually admitted into evidence. Furthermore, the inclusion of hearsay in a PSI does not preclude its use by the trial court. *Stancliff v. State*, 852 S.W.2d 630, 631 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). Appellant forfeited any claims that the reports were inadmissible hearsay when he failed to object to their inclusion in the PSI. Because Appellant did not object to the PSI in any form, this issue has not been preserved for our review. *See Jenkins v. State*, No. 11-19-00272-CR, 2021 WL 3557566, at *5 (Tex. App.— Eastland Aug. 12, 2021, no pet.) (mem. op., not designated for publication). We overrule Appellant's second issue.

## *This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


October 20, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.